

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,426

### EX PARTE REGINALD DONELL RICE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 366-83058-06 IN THE 366TH JUDICIAL DISTRICT COURT
### FROM COLLIN COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the

clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte*

*Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a

controlled substance and sentenced to life imprisonment. The Fifth Court of Appeals affirmed his

conviction. *Rice v. State*, No. 05-07-00704-CR (Tex. App. – Dallas, August 14, 2008, pet. ref'd).

Applicant contends, *inter alia*, that his trial counsel rendered ineffective assistance because

counsel failed to preserve issues regarding his motion to suppress evidence, and failed to object to

the evidence when it was introduced at trial. Applicant also alleges that counsel failed to advise him

that the State was seeking to enhance his punishment, and entered a plea of "true" to the enhancements on Applicant's behalf, knowing that Applicant intended to plead "not true."

The trial court obtained an affidavit from trial counsel, and conducted a habeas hearing at which trial counsel testified. Based on the record, affidavits and testimony, the trial court has determined that trial counsel's performance was deficient in that counsel failed to preserve suppression issues by objecting when the evidence was introduced at trial, by not informing Applicant of the possible range of punishment in this case, and by pleading "true" to the enhancements on Applicant's behalf when it was Applicant's intent to plead "not true." The trial court also finds that such ineffective representation prejudiced Applicant. We find, therefore, that Applicant is entitled to relief. The judgment in Cause No. 366-83058-06 from the 366th Judicial District Court of Collin County is set aside, and Applicant is remanded to the custody of the Sheriff of Collin County to answer the charge against him.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: September 29, 2010
Do Not Publish